IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROSALEE V. ZARROW,                         :
    Plaintiff,                             :
                                           :
v.                                         :       CIVIL ACTION NO. 26-CV-1550
                                           :
CONICELLI HYUNDAI, *et al.*,               :
    Defendants.                            :

**MEMORANDUM**

**MARSTON, J.**                                                **MAY 4, 2026**

Pro se Plaintiff Rosalee V. Zarrow brings this civil action pursuant to 42 U.S.C. § 1983, naming as Defendants Conicelli Hyundai, Westlake Financial Bank, and Wells Fargo Bank.[1] She also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Zarrow leave to proceed *in forma pauperis* and dismiss her Complaint.

## I.    FACTUAL ALLEGATIONS[2]

Zarrow's allegations are brief. She asserts that "[u]nder color of law, Conicelli Hyundai failed to protect [her] personal information by allowing other corporations to have access to [her] personal information without [her] signing an opt-out notice giving such authority." (Doc. No. 2 at 4.) She asserts the same allegations against Defendant Westlake Financial. (*Id*.) She further alleges that while she was financing a vehicle at Conicelli Hyundai, "another corporation was financing (Wells Fargo, et al.) . . . a loan for this vehicle without [her] consent while under this

---

[1] Zarrow adds "et al." after each of the named Defendants, implying that there are additional Defendants. (Doc. No. 2 at 2–3.) However, only three Defendants are named in the Complaint.

[2] The facts set forth in this Memorandum are taken from Zarrow's Complaint (Doc. No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

car dealership. Westlake Financial failed to ask [her] to give consent for them to allow [her] personal information to other corporations." (*Id*. at 4–5.) Zarrow asserts she is "having [a] mental issue by not being able to pay on this vehicle with regards to these corporations messing with [her] credit." (*Id*. at 5.) And she claims that she is "having a physical injury by working strenuously hours to cover these illegal fees." (*Id*.) She seeks millions of dollars in monetary damages. (*Id*.)

## II.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Because Zarrow is unable to pay the filing fee in this matter, the Court grants her leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a prisoner is "unable to pay such fees or give security therefor").

## III.    SCREENING UNDER § 1915(E)

Because the Court grants Zarrow leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted." *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

### A.    Legal Standard

When screening a complaint under § 1915(e)(2)(B)(ii), the court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the court must accept the

facts alleged in the pro se Complaint as true, draw all reasonable inferences in the plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

Because Zarrow is proceeding pro se, the Court liberally construes her allegations. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented

3

litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

> ### B.   Analysis
>
> #### 1.   Federal Claims

Zarrow attempts to invoke this Court's federal question jurisdiction, 28 U.S.C. § 1331, by using the Court's form complaint for a plaintiff alleging a civil rights violation and asserting due process claims under 42 U.S.C. § 1983.[3]   However, "wholly insubstantial" claims are insufficient to invoke federal question jurisdiction, even if they purport to be predicated on a federal statute. *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former.") (cleaned up); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–09 (3d Cir. 1991) (dismissal of claims for lack of subject matter jurisdiction is proper "when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous" (cleaned up)).   The factual scenario described in the Complaint as the basis for Zarrow's claims, i.e., a private transaction with private parties that are not subject to liability under § 1983,[4] does not raise a substantial federal question for jurisdictional purposes.

---

[3] Zarrow also checks the box under the "Basis for Jurisdiction" section of the form complaint to indicate she is bringing a *Bivens* claim against federal officials, however, no federal officials are named in the Complaint.

[4] Zarrow has not alleged facts to support a plausible conclusion that any Defendant is a state actor.   She states that "[u]nder color of law, Conicelli Hyundai . . . failed to protect my personal information . . ." (Doc. No. 2 at 4.)   This conclusory reference to "under color of law" is not sufficient to allege that Conicelli Hyundai, a car dealership, is a state actor. *See, e.g.*, *Fleming v. Credit Car Connection*, No. 20cv0037, 2020 WL 1646188, at *5 (M.D. Pa. Jan. 10, 2020) (dismissing constitutional claims against private car dealer and two of its employees because they were not state actors for purposes of § 1983), *report and recommendation adopted*, 2020 WL 1638045 (M.D. Pa. Apr. 2, 2020); *see also Passarella v. Cellini*, No. 18cv5641, 2019 WL 399013, at *5 (E.D. Pa. Jan. 31, 2019) (finding owners of car dealership and automobile tag agency were not state actors).   Nor is there any allegation suggesting

*See*, *e.g.*, *Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (concluding that civil rights claims were insufficient to invoke federal question jurisdiction because "Rose's conclusory reference to 'civil rights' does not convert his tort claims against non-state actors into constitutional claims"); *Yoder v. Morrow*, 671 F. App'x 27, 29 (3d Cir. 2016) (affirming dismissal for lack of subject matter jurisdiction because "[a]lthough Yoder's complaint purported to rely on 42 U.S.C. § 1983, her allegations do not actually implicate that federal statute"). Accordingly, the Court may not exercise jurisdiction under § 1331.

  2.  <u>State Law Claims</u>

Zarrow's Complaint is best construed as raising contract (and possibly tort) claims under state law. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Several factors may be relevant in determining

---

that either Wells Fargo or Westlake Financial is a state actor. *See Johnson v. TD Bank Nat'l Ass'n*, No. 22-4108, 2022 WL 17405831, at *4 (E.D. Pa. Dec. 1, 2022) ("Courts in the Third Circuit have repeatedly held that 'constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors.'") (quoting *Swope v. Northumberland Nat'l Bank*, No. 13cv2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014)), *aff'd*, 2023 WL 2203572 (3d Cir. Feb. 24, 2023).

an individual's domicile, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business," as well as "location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration."  *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (internal quotations omitted).  For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c).  A national bank is a citizen of the state in which its main office, as set forth in its articles of incorporation, is located.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).

Zarrow does not allege the citizenship of the parties.  However, she provides Pennsylvania addresses for herself and Conicelli Hyundai, which suggests that the parties are not completely diverse.  (Doc. No. 2 at 2.)  Zarrow has therefore failed to meet her burden of demonstrating that this Court has subject matter jurisdiction over any state law claims she may be raising.  *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); *Smith v. Albert Einstein Med. Ctr.*, No. 08-5689, 2009 WL 1674715, *4 (E.D. Pa. June 11, 2009) ("Diversity jurisdiction requires complete diversity between the parties . . . .  [N]o single Plaintiff may be a citizen of the same state as any single Defendant.") (citations omitted).  Accordingly, any state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Zarrow leave to proceed *in forma pauperis* and dismiss her Complaint for lack of subject matter jurisdiction.  The Court concludes that further amendment would be futile under the circumstances of this case, but notes that the dismissal is without prejudice to Zarrow refiling her claims in state court, where federal

jurisdiction will not be an issue.[5]  *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice" (citation omitted)).  An appropriate Order follows.

---

[5] The Court expresses no opinion on the merits of Zarrow's claims.

7